UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| C.W., A MINOR, BY AND THROUGH HIS GUARDIANS AND NEXT FRIENDS, *et al.* | : : : : | Case No. 1:17-CV-465 Judge Barrett |
| PLAINTIFFS, | : : | |
| - VS - | : : : | MOTION FOR TEMPORARY RESTRAINING ORDER |
| BOARD OF EDUCATION OF THE SYCAMORE COMMUNITY SCHOOL DISTRICT, *et al.* | : : : : | |
| DEFENDANTS. | : : : | |

Pursuant to Rule 65, F.R.Civ.P., the Plaintiffs move the Court for its temporary restraining order enjoining the Defendant Hamilton County Prosecutor from proceeding to trial on August 8, 2017, against minor Plaintiff C.W. in the Hamilton County Juvenile Court. As expressed by the Complaint[1] and the Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order, C.W. is subject to a wholly unjustified bad faith and harassing prosecution for the exercise of his First Amendment free speech rights. The Hamilton County Prosecutor refuses to dismiss the charges against the child.

C.W. has a likelihood of success on the merits, he is a 13-year old suffering irreparable harm, and the temporary restraining order will not cause any harm to others but it will serve the public interest. Weighing these factors, and given that the asserted speech offense occurred more than 10 months ago, the grant of the restraining order will maintain

---

[1] Plaintiff John Wood, C.W.'s father, verified that the facts contained in the Complaint are true and accurate. See, Verification of John Wood, attached as **Exhibit A**.

1

the status quo and allow the parties to bring the merits of the case at bar to a head before this Court without further injury to C.W.

## MEMORANDUM IN SUPPORT

On August 8, 2017, Defendant Hamilton County Prosecutor Joseph T. Deters intends to proceed to trial against 13-year old Plaintiff C.W. in Hamilton County Juvenile Court, Case Nos. 17-2468Z, 17-2469Z, and 17-2470Z, for an alleged speech offense in September 2016. The prosecution intends to criminalize First Amendment protected speech expressed by C.W. on Instagram for two hours more than 10 months ago when he was 12-years old. C.W. posted two comments on an anonymous "scary clown" social media site: "DUMB FUCK COME TO SYCAMORE YOU WONT" and "I'll square up to these stupid [clowns]." The very protracted prosecution is harassing and in bad faith, irreparably injurious to C.W.'s ongoing free speech rights, and otherwise emotionally traumatic to the child. The Plaintiffs' claims in the case at bar are justiciable and cognizable, the Court has jurisdiction, and C.W. needs protection. C.W. asks that the Court invoke its equitable authority to stop the bad faith harassing prosecution against him. He has shown the unusual circumstances calling for equitable relief.

The Plaintiffs invoke the "bad faith" and "extraordinary circumstances" exceptions to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). This case fits within those exceptions. A federal court may enjoin a pending state criminal proceeding if special circumstances warrant. *Gibson v. Berryhill*, 411 U.S. 564, 574 (1973). The detailed Complaint, Doc #1, PAGEID #1-27, as attested by the Verification of Plaintiff John Wood, affirmatively demonstrates the specific factual justification for applying the exceptions to *Younger* abstention. The Complaint identifies that the criminal proceeding

2

against minor C.W. was initiated in bad faith and with a harassing or illegitimate motive. The Complaint also shows irreparable injury to C.W.'s ongoing First Amendment rights. C.W. is a child being prosecuted under an unconstitutionally overbroad and vague statute. Injunctive relief is necessary and warranted.

*Younger v. Harris*, 401 U.S. 37 (1971), recognized that special circumstances can justify a person being prosecuted seeking a federal court injunction against a state court proceeding.  Referencing *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court emphasized "a judicial exception to the longstanding policy evidenced by the statute [proscribing federal court interference with state courts] has been made where a person about to be prosecuted in a state court can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages."  401 U.S. at 42.

The exceptions to *Younger* abstention apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown . . . ."  *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

A state court did not first authorize the Prosecutor's charging decision.  This is not a matter where prosecutors relied upon judicial authorization.   Instead, the Complaint delineates the bad faith and harassing nature of the prosecution:  The Prosecutor has delayed the prosecution, changed legal theories, used false information,[2] and applied a statute violating the First Amendment.  The Prosecutor knew C.W.'s few words were not directed at any particular individual.  He knew C.W. did not intend to cause, and did not cause, alarm,

---

[2] See Complaint, ¶¶ 86-87.

distress, or substantial disruption. There is no reasonable expectation the Prosecutor will obtain a valid conviction for C.W.'s short-lived Instagram posts to an anonymous social media site. Defendant Harris originally arrested C.W. for Inducing Panic. Months later, the Prosecutor instructed Harris to change the charges against C.W. The Prosecutor is proceeding against C.W. based on patently false statements by Defendant Harris. The Prosecutor knows that C.W. did not threaten the Sycamore Community School District, its students, or its staff and knows that there was no significant evidence of disruption. Moreover, O.R.C. 2917.21(B)(1) and (B)(2) are unconstitutional. Complaint, paragraphs 10, 11, 15, 63, 78, 85, 86, 87, 89, 130-39.

The harassing nature of the prosecution is magnified by the improbability of obtaining a valid conviction under O.R.C. 2917.21. The Ohio Attorney General recently expressed that this statute is used "to punish criminal behavior, such as death threats and domestic abuse." Motion to Dismiss of Defendants Ohio Attorney General (June 14, 2017), *Plunderbund Media, L.L.C., et al. v. Ohio Attorney General*, Case No. 5:17cv01027, Doc #19, PageID # 103. The Ohio Attorney General (OAG) emphasized: "Ohio courts have consistently held that this language relates solely to intentional harassment, abuse, or threats that completely lack any non-harassment purpose." *Id*, PageID #106. The OAG was clear: "Proof of 'purpose,' *i.e*., 'specific intent[],' is required under the telecommunications statute." *Id*., PageID #108. Citing the Ohio First District Court of Appeals here in Hamilton County, *State v. Ellison*, 178 Ohio App.3d 734, 738, 2008-Ohio-5282, 900 N.E.2d 228 (2008), the OAG reiterated: "The burden is not met by establishing only that the defendant knew or should have known that her conduct would probably cause harassment." *Id*. C.W., 12-years old at the time, did not even know or should have known

4

that his two-hour Instagram post to an anonymous site, not directed at a particular person, would probably cause harassment (the *insufficient* standard described by the OAG), much less have a specific intent to harass, abuse, or threaten.

Further citing the Ohio First District Court of Appeals, the OAG conceded: "Where there is any purpose broader than intentional harassment—as would exist with political discourse and criticism of government officials—the law does not apply. *See*, *e.g.*, *State v. Pleatman*, 1st Dist. Hamilton No. C-160234, 2016—Ohio—7659, 2016 WL 6635323 (there is no 'intent to harass' when there is a 'legitimate reason for posting [a] message')." *Id*., PageID #109. The OAG admitted: "Thus, a 'reprehensible' voicemail with 'profanity' and 'name calling', but without the intent to harass, would not qualify . . . . Nor would an accusation of molestation posted on MySpace, if the post was not made with the intent to harass." *Id*.

Cementing that the Hamilton County Prosecutor knows he cannot reasonably secure a conviction, the OAG shared: "Ohio courts have also narrowly applied the telecommunications statute to egregious, intentional conduct that is 'directed' to the victim . . . . [I]n cases involving public internet posts, Ohio courts have still *additionally* required that the conduct be targeted at the victim." *Id*., PageID # 110 (emphasis in original). The Ohio Attorney General instructed the Northern District in *Plunderbund Media*, *supra*: "Following the Ohio courts' narrow interpretation of the challenged law protects Plaintiffs and also is consistent with judicial restraint, federalism, and constitutional avoidance." *Id*., PageID # 111. By the same token, C.W., a minor child, should be protected from the Hamilton County Prosecutor's bad faith and harassing prosecution against him and needs this Court to protect him since the Prosecutor will not.

Nor is O.R.C. 2917.21(B) limited to harassing speech directed to an unwilling listener. The unconstitutionally overbroad and vague Ohio statute does not just stop the flow of information into an unwilling listener's own household. The Prosecutor seeks to broadly criminalize diffuse public comment including, in the case at bar, a 12-year old's public criticism of the amorphous and anonymous "scary clowns." The Ohio statute is unconstitutional when applied to online speech about the details of daily life. The Supreme Court applies the First Amendment to protect C.W.'s speech from government intrusion: "*Most* of what we say to one another lacks 'religious, political, scientific, educational, journalistic, historical, or artistic value' (let alone serious value), but is still sheltered from government regulation. Even '[w]holly neutral futilities' that lack political, artistic, or similar values are 'still sheltered from government regulation.'" *United States v. Stevens*, 559 U.S. 460, 479-80 (2010) (striking down an overbroad ban on displays of animal cruelty) (emphasis in original). Moreover: "[I]n the world of debate about public affairs, many things done with motives that are less than admirable are protected by the First Amendment." *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 53 (1988). C.W. actually had the *admirable* motive of standing up to public bullies yet finds himself confronted with a Prosecutor determined, in bad faith, to abusively criminalize his speech and to continue to injure him.

The Supreme Court fully extends the protections of the First Amendment to communications made on the internet. *Reno v. ACLU*, 521 U.S. 844, 870 (1997). *See also James v. Meow Media, Inc.*, 300 F.3d 683, 696 (6th Cir. 2002). As the Complaint establishes, C.W.'s internet speech was from his own device, on his own time, from his own home. His words were not unprotected obscenity, defamation, fighting words, or clear

6

and present danger speech. The Supreme Court has not allowed government officials to criminalize a child's First Amendment protected speech in the circumstances presented in the case at bar. None of the Supreme Court's precedents conferring some level of authority on school officials to balance their need to maintain order in school with students' in-school or curricular-related speech have any bearing whatsoever on the Hamilton County Prosecutor's criminalization of C.W.'s few words to an anonymous Instagram site. C.W. did not have the purpose of threatening any actual real individual and he did not have knowledge that his words would be viewed as a threat by any real individual. *Elonis v. United States*, 575 U.S. ___ (2015), a Facebook case where the Supreme Court reversed an unlawful conviction, forecloses the Hamilton County Prosecutor's casual but injurious prosecution of C.W. for engaging in protected internet speech.

  The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal amounts of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Therefore, by C.W. demonstrating a likelihood of success on the merits he also satisfies the irreparable injury factor. Not only is C.W. self-censoring his own speech, he is a minor child forced to endure more than 10-months of unjustified ongoing law enforcement conduct against him.

  C.W.'s showing that the Prosecutor's conduct against him is unconstitutional means that there is no substantial harm to others inhering in the enjoinment. *Déjà vu of Nashville, Inc. v. Metropolitan Government of Nashville & Davidson Cty*., 274 F.3d 377, 400 (6th Cir. 2001). The Hamilton County Prosecutor is merely being restrained from further violation of C.W.'s free speech rights. Moreover, it is always in the public interest to prevent violation of a party's constitutional rights. *Id*. The requested restraining order

automatically serves the public interest.  *Harris v. Fitchville Tp. Trustees*, 99 F. Supp. 2d 837, 845 (N.D. Ohio 2000).

The Plaintiffs satisfied the requirements for issuance of a temporary restraining order against the Hamilton County Prosecutor.  They also request that the Court waive any bond requirement because this case concerns protecting fundamental constitutional rights infringed by the government.  *Westfield High Sch. L.I.F.E. Club,* 249 F. Supp.2d 98, 128-29 (D. Mass. 2003) (waiving bond requirement in case involving student club seeking a preliminary injunction where "requiring a security bond . . . might deter others from exercising their constitutional rights").

        Respectfully Submitted,

        /s/Bradley M. Gibson
        Bradley M. Gibson, Esq. (0087109)
        FINNEY LAW FIRM, LLC
        4270 Ivy Pointe Boulevard, Ste. 225
        Cincinnati, OH 45245
        (513) 943-6661
        (513) 9413-6669 (fax)
        Brad@FinneyLawFirm.com

and

        /s/Richard Ganulin
        Richard Ganulin, Esq. (0025642)
        3662 Kendall Avenue
        Cincinnati, OH 45208
        (513) 405-6696
        rganulin@gmail.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically filed on August 2, 2017 through the CM/ECF for the USDC for the Southern District of Ohio and electronically served upon all counsel of record on the same date through the CM/ECF for the Southern District of Ohio and via email.

    /s/ Bradley M. Gibson
_____
Bradley M. Gibson (0087109)