# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| C.W., A MINOR, et al. | : | Case No. 1:17-cv-465 |
| Plaintiffs, | : | Judge Barrett |
| vs. | : | |
| BOARD OF EDUCATION OF THE SYCAMORE COMMUNITY SCHOOL DISTRICT, et al. | : | DEFENDANT JOSEPH T. DETERS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| Defendants. | : | |

Now comes defendant Joseph T. Deters, in his official capacity as Prosecuting Attorney for Hamilton County, Ohio, by and through counsel, and opposes Plaintiffs' Motion for Temporary Restraining Order based on United States, in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny for the reasons more fully set forth below has restricted the ability of federal district courts to interfere in state court criminal proceedings.

## MEMORANDUM

The *Younger Abstention Doctrine* remains applicable to this day, having been applied time and time again in the Sixth Circuit and also in Ohio's Federal District Courts. *See Lenard v. City of Cleveland*, 2017 WL 2832903, at *4 (N.D. Ohio 2017). The *Lenard* Court notes that "[w]hen a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case." *Id.*, *citing Wats v. Burkhart*, 854

F.2d 839, 844-48 (6th Cir. 1988). Indeed, it is well-settled that abstention is applicable if "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions." *Id., citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In the instant case is unrefuted that the criminal proceedings initiated against the criminal defendant have proceeded to a position of "substance." *See* Exhibit 1, attached hereto and incorporated herein by reference. The case is set for a Motion to Suppress and Trial next Tuesday. "In determining whether *Younger* abstention doctrine applies to federal injunctive and declaratory litigation between state law enforcement officials and plaintiffs who are targets of criminal enforcement activities, district court must decide when proceedings of substance on merits took place, and then determine procedural posture of state action as of date when substantive proceedings occurred; if state's act which is subject of federal complaint did not attain sufficiently advanced procedural state within state's criminal justice system by date proceedings of substance transpired in federal suit, federal court may decide merits of plaintiff's complaint; if state's act attained sufficiently advanced stage by date proceedings of substance transpired in federal litigation, federal court must determine if it has jurisdiction in terms of comity principles established by Supreme Court." *Sovereign News Co. v. Falke*, 448 F. Supp. 306 (N.D. Ohio 1977). In light of the impending trial date in state court to address the merits of Plaintiff's claim with which the state court has familiarity the issuance of an injunction at this stage contravenes the very foundation of federalism and comity on which Younger Abstention rests.

Further "[w]hen a state criminal proceeding under a disputed state criminal statute is pending against a federal plaintiff at the time his federal complaint is filed, *Younger v. Harris*,

2

401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), held, respectively, that, unless bad-faith enforcement or other special circumstances are demonstrated, principles of equity, comity, and federalism preclude issuance of a federal injunction restraining enforcement of the criminal statute and, in all but unusual circumstances, a declaratory judgment upon the constitutionality of the statute." See *Steffel v. Thompson*, 415 U.S. 452, 454, 94 S. Ct. 1209, 1213, 39 L. Ed. 2d 505 (1974).

Plaintiff's reliance on *Gibson v. Berryhill* for the proposition that "[a] federal court may enjoin a pending state criminal proceeding if special circumstance warrant" is egregiously misplaced. Gibson dealt with the issue of whether declaratory or injunctive relief was barred in an as yet uncompleted administrative hearing process under an exhaustion theory.

> Neither principles of comity nor rule of United States Supreme Court decisions on not enjoining a pending state criminal proceeding in absence of special circumstances required federal district court to dismiss optometrists' suit under the Civil Rights Act seeking to enjoin hearings before Alabama Board of Optometry on charges of unprofessional conduct within meaning of Alabama optometry statute because of their employment with a corporation, even if judicial review was forthcoming at conclusion of the administrative proceeding, where the optometrists alleged, and the district court concluded, that the Board's bias rendered it incompetent to adjudicate the issues. Code of Ala., Tit. 46, §§ 190–213.

*Gibson v. Berryhill*, 411 U.S. 564, 573, 93 S. Ct. 1689, 36 L. Ed. 2d 488 (1973).

The *Gibson* Court cautioned that "there is the basic principle of federalism, restated as recently as 1971 in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, that a federal court may not *574 enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Id.* at 573-74. The Court further advised that "finally, there is the doctrine, developed in our cases at least since *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct.

643, 85 L.Ed. 971 (1941), that when confronted with issues of constitutional dimension which implicate or depend upon unsettled questions of state law, a federal court ought to abstain and stay its proceedings until those state law questions are definitively resolved." *Id.*

Plaintiff has made bald, calumnious accusations against the Joseph T. Deters, who in fact is not personally prosecuting this case. These accusations as is clear from the procedural posture are an attempt to intimidate a public official in the performance of his official function, a criminal offense in Ohio. Additionally the overture made by Plaintiffs to dismiss this action against the Prosecutor in exchange for dismissal of the criminal case arguably amounts to compounding a crime, a criminal offense in Ohio. This is evident by the assertion that Plaintiff will be irreparably "harmed" by being compelled to address the arguments he makes here to the state court which has jurisdiction over his case. If the State prevails the only thing that will be irreparably harmed would be Plaintiff's putative damage claim.

*Younger* abstention is applicable in this case because the state proceedings are ongoing, have reached a substantial state, implicate important state interests, and afford an adequate opportunity for the Plaintiff to raise any federal question implicated in his state prosecution.

For this reason, Plaintiffs' request for a temporary restraining order must be denied.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ Eric Munas
Eric Munas, 0093674
Pamela Sears, 0012552
Assistant Prosecuting Attorneys

230 E. 9th St., Ste. 4000
Cincinnati, Ohio 45202
513-946-3000
513-946-3133 (Munas)
513-946-3082 (sears)
Fax: 513-946-3018
eric.munas@hcpros.org
pam.sears@hcpros.org
*Trial Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing Response in Opposition to Plaintiffs' Motion for a Temporary Restraining Order was filed on August 2, 2017 with the Court's EM/ECF system which will notify all attorneys of record.

/s/ Eric Munas

0093674

5

# HAMILTON COUNTY JUVENILE COURT

Case No. 17-2468 Z

Order of Magistrate

IN RE:
**CLAYTON WOOD     1711896**

TELECOMMUNICATION HARASS - GENERALLY M1 2917.21 ORC

---

This matter came before the Court on July 11, 2017.

Represented by Attorney Christopher McDowell. Brian Goodyear present for the state. Trial continued at state's request to 8/8/2017 at 9:30 AM Magistrate Mary T. Schulcz, L. Steffen.

CD # 101

Magistrate Mary T. Schulcz

Motion to Set Aside Magistrate's Order

Any party may file a Motion with the Court to set aside a Magistrate's Order. The Motion shall state the moving party's reasons with particularity and shall be filed not later than 10 days after the Magistrate's Order is filed. See Juvenile Rule 40.

Electronically Filed

| Juvenile Court |
| Hamilton County, Ohio |
| 7/11/2017 10:27 AM |
| JOHN M WILLIAMS, Judge |
| & Ex-Officio Clerk |

*J8868834*
JCMR150A.DOT