**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| C.W., A MINOR, BY AND THROUGH HIS GUARDIANS AND NEXT FRIENDS, *et al.* | : : : : | Case No. 1:17-CV-465 Judge Barrett |
| PLAINTIFFS, | : : | |
| - VS - | : : : : | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** |
| BOARD OF EDUCATION OF THE SYCAMORE COMMUNITY SCHOOL DISTRICT, *et al.* | : : : : | |
| DEFENDANTS. | : | |

Defendant Hamilton County Prosecutor's Response in Opposition (Doc #17, PAGE ID #65) asserts that *Younger* abstention is generally applicable but does not refute that the special circumstances and bad faith/harassment exceptions to *Younger* empower this Court to inject some protective common sense and justice for the benefit of C.W. and his family. Instead, and this provides some additional concrete evidence for the Court that something is awry with the ongoing harassment of C.W., the Prosecutor astoundingly argues to this Court that the Plaintiffs' conduct of the case at bar "arguably amounts to compounding a crime, a criminal offense in Ohio." *Id.*

The Supreme Court clarified and enlarged the *Younger* exceptions to abstention:

> . . . the Court in *Younger* left room for federal equitable intervention in a state criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, or where there exist other extraordinary

1

>circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.

*Kugler v. Helfant*, 421 U.S.. 117, 124 (1975) (internal quotations and citations omitted).  C.W. and his family meet this standard allowing this Court to fulfill its broad and magnificent jurisdictional obligations.  C.W. is a child, a child arrested in handcuffs during school in September 2016 when he was 12-years old for engaging in First Amendment protected social media expression the night before from his home to an anonymous Instagram website.  More than 10-months later, through no fault of his own, C.W. and his family continue to needlessly suffer at the hands of the Defendants' inexplicable and dilatory conduct.

Specifically, for purposes of C.W.'s pending motion to enjoin the Prosecutor from proceeding to trial against him, the Prosecutor delayed commencing the criminal case, waited months to dismiss the original charge against C.W., presented new charges that either contain demonstrably false facts or make no sense (how can C.W. harass an anonymous Instagram website?), achieved continuances, seeks to apply an overbroad and vague Ohio statute currently also being challenged in another federal court and in a manner conflicting with the Ohio Attorney General's own limiting construction, and generally retaliates against C.W. for constitutionally protected expression.  Any reasonable grown-up reviewing this situation immediately responds "What the heck!"  There is no objectively reasonable expectation of a justified conviction against C.W.  The Supreme Court empowers this District Court to provide necessary equitable relief.  These are "other extraordinary circumstances" and harassment/bad faith and irreparable injury.  *Kugler v. Helfant*, *supra*.

In another matter involving the government's attempt to criminalize free speech, the United States Court of Appeals for the Second Circuit applied the exception to *Younger* abstention and affirmed the district court's grant of injunctive relief against the state criminal prosecution. *Cullen v. Fliegner*, 18 F.3d 96, 103-04 (2nd Cir. 1994). The Court of Appeals was concerned with the "chilling effect" on First Amendment rights and added: "[a]bstention would serve no purpose because a state cannot have a legitimate interest in discouraging the exercise of constitutional rights or, equally, in continuing actions otherwise brought in bad faith, thereby reducing the need for deference to state proceedings." Bad faith exists when the state action has no reasonable expectation of obtaining a favorable outcome. *Id.* at 103. The Hamilton County Prosecutor had no legally sufficient and legitimate motive for commencing, and has none for continuing, prosecution of C.W., a typical kid from a typical family wrongfully accused of an alleged non-violent speech offense. Permitting the Prosecutor to continue his conduct does not serve the purposes of the *Younger* abstention doctrine.

The Supreme Court has not codified the exceptions to abstention. Rather, consistent with equitable purposes, there is a matrix of considerations within each exception designed to achieve a just outcome. The facts in the Complaint and related reasonable inferences establish extraordinary circumstances, harassment/bad faith, and suppression of constitutionally protected speech. The district court in *Stagliano v. Herkimer Central School District*, 151 F.Supp.3d 264 (N.D. N.Y. 2015) considered various factors to invoke the bad faith exception to *Younger* abstention and granted the plaintiff's motion for preliminary relief. There is nothing fair and just about what

3

the Defendants have been doing to C.W. and his family including the prosecution that is the subject of the pending motion.  If the Court has the will to protect C.W. the law provides a way.

Respectfully Submitted,

/s/Bradley M. Gibson_____
Bradley M. Gibson, Esq. (0087109)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Boulevard, Ste. 225
Cincinnati, OH 45245
(513) 943-6661
(513) 9413-6669 (fax)
Brad@FinneyLawFirm.com

and

/s/Richard Ganulin_____
Richard Ganulin, Esq. (0025642)
3662 Kendall Avenue
Cincinnati, OH 45208
(513) 405-6696
rganulin@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically filed on August 4, 2017 through the CM/ECF for the USDC for the Southern District of Ohio and electronically served upon all counsel of record on the same date through the CM/ECF for the Southern District of Ohio and via email.

/s/ Bradley M. Gibson
_____
Bradley M. Gibson (0087109)