UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **C.W., A MINOR, et al.** | : | Case No. 1:17-cv-465 |
| Plaintiffs, | : | Judge Barrett |
| vs. | : | |
| | : | **DEFENDANT JOSEPH T. DETERS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR TEMPORARY RESTRAINING ORDER AND PROPOSED TEMPORARY RESTRAINING ORDER** |
| **BOARD OF EDUCATION OF THE SYCAMORE COMMUNITY SCHOOL DISTRICT, et al.** | : | |
| Defendants. | : | |
| | : | |

Now comes Defendant Joseph T. Deters, Hamilton County Prosecutor in his official capacity and offers this supplemental response to his opposition to Plaintiffs' request for the issuance of a temporary restraining order which orders the office of the prosecuting attorney to "cease" all prosecution of C.W. in the cases ongoing in the Hamilton County Juvenile Court. Even given the supplemental authority filed by Plaintiffs, they have failed to establish that the injunctive relief they seek is not prohibited by the *Younger* abstention doctrine. Further, the Plaintiffs have otherwise failed to show that they are entitled to any injunctive relief.

I. PROCEDURAL POSTURE

Plaintiffs filed the Complaint in the instant case on July 11, 2017. (Doc. 1). The Complaint names Joseph Deters in his official capacity as Prosecuting Attorney for Hamilton County (the "Prosecutor"), Mike DeWine in his official capacity as Attorney General of Ohio[1], the City of

---
[1] Mike DeWine was dismissed by Plaintiffs on August 4, 2017 (Doc. 19).

Montgomery, Ohio, the Board of Education of the Sycamore Community School District, Montgomery police officer Sergeant Gregory Harris, Sycamore Assistant Principle Damon Davis, and Sycamore Superintendent Frank Forsthoefel. The eleven causes of action identified in the Complaint are related to the facts that are background to a currently ongoing state court criminal prosecution in the Hamilton County Juvenile Court. Plaintiffs request, amongst other relief, an injunction from this Court barring the Prosecutor from continuing to prosecute the case against C.W in the Juvenile Court.

Some relevant background from the criminal case in the Hamilton County Juvenile Court can be gleaned from the Judicial Entry made by Juvenile Court Judge Melissa Powers on June 15, 2017 (attached hereto as Exhibit A). The criminal case in the Hamilton County Juvenile Court is based on events that took place in September of 2016. C.W. was offered to be placed on an unofficial docket, but ultimately declined. The Complaint was sworn to by Sergeant Harris on January 3, 2017. The Complaint was later amended in April 2017. The Magistrate allowed those amendments on April 17, 2017 (see the Decision of Magistrate attached hereto as Exhibit B) and Judge Powers, after considering objections filed by C.W. defense attorney (attached hereto as Exhibit C), adopted the Magistrate's Order on June 15, 2017. Now, as indicated in the Prosecutor's initial opposition to Plaintiffs' motion for a TRO (Doc. 17), the criminal case in Juvenile Court is set for a hearing on a motion to suppress and trial on this upcoming Tuesday August 8, 2017, to which eight people have been subpoenaed to testify and others have voluntarily agreed to appear on behalf of the State.

Plaintiffs moved this Court to issue a TRO on August 2, 2017 to intervene in the state court criminal trial proceedings, specifically to prevent the trial of the matter that underlies their federal claims set for Tuesday, August 8, 2017. (Doc. 10). The Prosecutor opposed that motion and filed a separate motion seeking a stay of this federal case pending the outcome of the state court criminal trial pursuant to *Younger* abstention. This argument is supplementary to that already filed in this Court.

II. **LAW AND ARGUMENT**

    A. ***Younger* Abstention Precludes Federal Court Intervention into the State Juvenile Court Proceedings.**

A federal court must abstain from interfering in state court proceedings if "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions." *Lenard v. City of Cleveland*, 2017 WL 2832903 at *4 (N.D. Ohio 2017), *citing Middlesex County Ethics Commission v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  As acknowledged by this Honorable Court in 2010, "it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of 'irreparable injury' that is 'both great and immediate'" and that any such "[i]ntrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Pruitt v. Ohio*, 2010 WL 2607246, at *3-4 (S.D. Ohio 2010), *Report and Recommendation subsequently adopted*, 2010 WL 2620804 (S.D. Ohio 2010).  Indeed there are only three such extraordinary circumstances:

> The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause; and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel.

*Id* (citations omitted).  It should be noted that raising a question of a defendant's speedy trial rights before trial does not give a federal court carte blanche to interfere with a state court criminal proceeding, but rather it would be limited to issue an order to instruct the state court to proceed to trial.  *Atkins v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981).

As indicated by Judge Powers' Judicial Entry and her determination of C.W.'s assertion of speedy trial rights under both the Ohio and the United States Constitutions, the Juvenile Court proceedings offer C.W. an adequate opportunity to raise federal questions.  Plaintiffs here seek a halt to the criminal prosecution and a delay of the upcoming trial.  This is the opposite of what is permitted under *Younger* and *Atkins*, and thus the fact that speedy trial rights were invoked does not warrant federal interference in this case.  Additionally, it is clear that the proceedings are ongoing and that important state interests are implicated, namely, the application of state criminal statutes and the integrity,

3

trustworthiness, and reliability of the state judicial system. The requirements for abstention are thus met, and it is left for Plaintiffs to demonstrate that some exception exists.

Plaintiffs do not allege that the elements necessary for abstention are absent. They do not contradict that the Juvenile Court proceedings have advanced to a substantial point (and indeed it would be exceedingly difficult to do so, as the trial is just days away). In fact, Plaintiffs still have not cited a case where a federal court enjoined an ongoing state criminal prosecution. Plaintiffs incorrectly state *Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) involved injunctive relief against "state criminal prosecution." *Cullen*, however, involved injunctive relief against a school board disciplinary hearing. *See Jaffrey v. Atl. Cty. Prosecutor's Office*, No. 15-6937 (NLH) (KMW), 2015 U.S. Dist. LEXIS 125445, at *4 n.2 (D.N.J. Sep. 18, 2015) ("*Cullen v. Fliegner*, 18 F.3d 96 (1994) did not involve a pendent state criminal proceeding.") Likewise, *Stagliano v. Herkimer Cent. Sch. Dist.*, 151 F. Supp. 3d 264 (N.D.N.Y. 2015), involved a school board disciplinary hearing, not a criminal prosecution. ("Although the state proceeding is not a criminal proceeding, as a disciplinary proceeding, it is sufficiently close in nature to fall under *Younger*.").

Instead, Plaintiffs make bald, unsubstantiated claims concerning the improper motives and dilatoriness of an unnamed prosecutor as justification for this Court's intervention to prevent a state trial on the merits. Specifically, Plaintiffs claim that "the Prosecutor delayed commencing the criminal case, waited months to dismiss the original charge against C.W., presented new charges that either contain demonstrably false facts or make no sense (how can C.W. harass an anonymous Instagram website?), achieved continuances," and seeks to apply supposedly unconstitutional laws. (Doc. 20). In response to these calumnious accusations, it should be first noted that neither the Prosecutor nor his assistants commenced a criminal case in Juvenile Court, but rather law enforcement did so. Second, the original charge was dismissed mere days after the new charges were instituted. Third, if the facts of the new charges are demonstrably false, then C.W. will have the opportunity to prove it so at the trial.[2]

---

[2] It is ironic and telling that Plaintiffs assert the falsity of the allegations pending against C.W. as a reason for this Court to intervene to prevent the state court's determination of that very thing. The "falsity" of the allegations or the

4

Additionally, Plaintiffs' misunderstanding of the pertinent inquiry when applying the criminal statutes in question does not amount to any bad faith on the Prosecutor's part.[3]  Finally, the continuances in the Juvenile Court came about due to normal occurrences in the regular practice of litigation (time for discovery, time to enter plea to new charges, availability of witnesses).  If any conduct was dilatory it was that of defense counsel in his extreme delay in responding to the prosecution's request for discovery.

Plaintiffs, in their motion, contend that there are "bad faith" and "extraordinary circumstances" exceptions that apply to this case, but they fail to carry their burden to show that any such exceptions are applicable.  First, it is noteworthy that during the teleconference on August 2, 2017, Plaintiffs' counsel made the unsolicited suggestion to submit argument to the Court on their motion for a TRO without a hearing.  This response was the immediate reaction to the lead prosecutor's statements to the Court that she was unavailable at noon on Monday August 7, 2017 (the date and time which Plaintiffs' counsel had discussed with the Court unilaterally and without conferring with defense counsel despite having exchanged prior correspondence, see Exhibit D), rather than exploring an alternative date and time for hearing.  This reactionary response reflects a concession of Plaintiffs' inability to produce record evidence of any improper motivations of the individual prosecutor, whom they have not named in their suit.  Further, during the teleconference Plaintiffs' counsel appeared to ask the Court to read between the lines and discover some sensation or feeling that something is amiss with the state court proceedings in the Hamilton County Juvenile Court.  [1] Plaintiffs have filed a self-serving complaint on which they base their request for injunctive relief.  Defendant Deters does not accept the factual allegations presented by Plaintiffs as accurate, true or complete.  However, the question before this Court is not the merits of the

---

paucity of proof is the very nature of the consideration to be given this case at trial on Tuesday, August 8, 2017 in a court of competent jurisdiction.  Preventing a determination of the merits by a state court of competent jurisdiction is not a basis for avoiding *Younger* abstention.

[3] The pertinent inquiry in applying Ohio's telecommunications harassment laws is the intent of the person making the communication, not the effect the communication had on the recipient.  Plaintiffs' repeated harping that the recipient of the communication is "anonymous" is irrelevant.  *See State v. Ellison*, 178 Ohio Aipp.3d 734, 2008-Ohio-5282, 900 N.E.2d 228, ¶16 (1st Dist.) (noting that the state's burden was to establish the specific purpose the defendant had in making the telecommunication); *State v. Kronenberg*, 2015 WL 1255845, 2015-Ohio-1020, ¶15 (8th Dist.) ("The critical inquiry of telecommunications harassment is not whether the  person who received the call was not threatened, harassed or annoyed by the call, but rather whether the purpose of the person who made the call was to abuse, threaten or harass the person called").  *See also State v. Pariscoff*, 2010 WL 1881997, 2010-Ohio-2070, ¶15 (10th Dist.); *State v. Stanley*, 2006 WL 2575646, 2006-Ohio-4632, ¶13-14 (10th Dist.).

underlying case but rather whether Plaintiffs have satisfied an exception to the application of Younger abstention that justifies an injunction preventing the state trial from proceeding next Tuesday, four days from now and one business day effectively from now. Plaintiffs have the burden of production and persuasion on their accusation that the improper motives of an unnamed prosecutor which will result in a trial at which a state court will determine the merits of their arguments and evidence will cause them irreparable harm. They have failed to produce any evidence or any authority that would support such an exceptional interference with a state criminal proceeding.

Plaintiff's theory would permit any criminal defendant in state court to achieve a stay of his state criminal trial merely running to the federal courthouse with bald, unsubstantiated accusations against an unnamed prosecutor for mysterious, unidentified "bad faith" conduct. Plaintiffs are thus asking this Court to deviate from settled law and the basic, foundational principles of federalism and comity on which our country is founded. Plaintiff's suggested procedure for bypassing abstention is wholly inadequate to justify invoking the limited, narrow exception to *Younger*. Plaintiffs have utterly failed to show any bad faith or extraordinary circumstances that warrant a disruption of the state court judicial process.

### B. Plaintiffs' Proposed TRO is so Impractical and Infeasible so as to Necessitate a Denial of the Requested Injunctive Relief.

Numerous courts have recognized the general principle that courts sitting in equity will not grant injunctive relief when such relief is difficult to enforce or is unenforceable altogether. *See e.g. Refrigeration Engineering Corp. v. Frick Co.*, 370 F.Supp. 702 (W.D. Tex. 1974); *Penn central Co. v. Buckley & Co.*, 293 F.Supp. 653 (D. N.J. 1968), affirmed 415 F.2d 762, cert denied 88 S.Ct. 1807, 391 U.S. 914. *See also In re Estate of Ferdinand Marcos Human Rights Litigation*, 94 F.3d 539, 545 (9th Cir. 1996) ("A court should not issue an unenforceable injunction: "The rule that a 'court of equity will not issue an unenforceable decree of injunction' comprehends [as a] reason[ ] for denying injunctive relief[ ] that the court … does not have the means to punish disobedience once discovered.").

Plaintiffs seek to enjoin the Prosecutor from further action in the Juvenile Court proceedings. As indicated above, the criminal case has been set for motion hearing and trial on this upcoming Tuesday

August 8, 2017. Indeed numerous witnesses have been subpoenaed to appear and testify at the trial. See Exhibit E. The questions that arise when considering Plaintiffs' proposed TRO is how exactly the injunctive relief would be enforceable or how it would even ensure that they receive the relief they seek. Plaintiffs essentially ask this Court to order the Prosecutor to cease acting in the Juvenile Court in C.W.'s case. The Juvenile Court, however, is not a party to this litigation and is not proposed to be enjoined in the criminal case. The Juvenile Court may deny holding this action in abeyance any longer since it has already been continued for trial.[4] The Juvenile Court could insist that the prosecutor go forward with the trial and present the witnesses subpoenaed to appear. The individual prosecutors have no authority to withdraw any subpoenas to witnesses, nor can they instruct those witnesses to fail to appear for trial without the consent of the Juvenile court. Any litigator knows that instructing his witnesses not to appear for trial without the permission of the trial judge is a mistake that could result in a contempt finding. In this context an injunction issued to the prosecutor solely renders the proposed injunctive relief effectively unenforceable and this Court should decline to issue it on that basis alone.

Plainly, the proposed TRO does not guarantee that the relief Plaintiffs seek will be achieved, even if this Court grants precisely the order proposed by Plaintiffs. While Plaintiffs ask this Court to look at the equities of the matter and rule in their favor, the equities heavily fall against them. All of Plaintiffs complaints about the charges brought against C.W. can be fully heard and adjudicated in the Hamilton County Juvenile Court. But instead of willingly proceeding to trial, Plaintiffs come to this Court and seek to avoid the litigation of the issues altogether. In essence Plaintiffs seek an order of this Court to prevent the state court from considering the legal and factual inadequacies they allege exist. This a patent misuse of the jurisdiction of this Court which is not justify the application of an exception to the *Younger* abstention doctrine.

---

[4] The Ohio Supreme Court's rules of superintendence recommend a delinquency case be concluded within 6 months. See attached Exhibit F.

### III.    CONCLUSION

Plaintiffs have failed to point to any authority which permits this Court to interfere with an ongoing state court criminal trial.  Plaintiffs have not produced any record evidence that the state court trial on the merits of the underlying criminal action will cause them irreparable harm.  To undertake your adequate remedy of law is not to render yourself vulnerable to irreparable harm and yet that is the heart of Plaintiffs' argument.  *Younger* abstention applies, and no exception is present which would permit this Court to grant what Plaintiffs seek.  Further, the TRO proposed by Plaintiffs is so infeasible and impractical that such a TRO should not issue, even if abstention did not prohibit it.  For these reasons, the Defendant Prosecutor respectfully request that this Court deny Plaintiffs' motion.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ Eric Munas
Eric Munas, 0093674
Pamela Sears, 0012552
Assistant Prosecuting Attorneys
230 E. 9th St., Ste. 4000
Cincinnati, Ohio 45202
513-946-3000
513-946-3133 (Munas)
513-946-3082 (sears)
Fax: 513-946-3018
eric.munas@hcpros.org
pam.sears@hcpros.org
*Trial Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

      I certify that the foregoing Response in Opposition to Plaintiffs' Supplemental Memorandum was filed on August 4, 2017 with the Court's CM/ECF system which will notify all attorneys of record.

      /s/ Eric Munas
      0093674